1   PETER L. CARR, IV (#256104)
    PCARR@THEPLCLAWGROUP.COM
2   NA'SHAUN L. NEAL (#284280)
    NNEAL@THEPLCLAWGROUP.COM
3   LAUREN K. MCRAE (#331296)
    LMCRAE@THEPLCLAWGROUP.COM
4   PLC LAW GROUP, APC
5   3756 SANTA ROSALIA DR., SUITE 326
    LOS ANGELES, CA 90008
6   TELEPHONE: (310) 400-5890
    FACSIMILE:  (310) 400-5895
7

8   ATTORNEYS FOR PLAINTIFFS
    **ZEALIN BARTEK, K.I., BY AND THROUGH**
9   **HER GUARDIAN AD LITEM, KATIE DAY,**
    **AND KATIE DAY**
10

11              **UNITED STATES DISTRICT COURT**

12            **EASTERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14 Zealin Bartek, K.I., by and through her Guardian Ad Litem, Katie Day, and Katie Day, | Case No: |
| 15                    Plaintiffs, | **PLAINTIFFS' COMPLAINT FOR DAMAGES** |
| 16          vs. | |
| 17 City of Visalia; Officer Victor Yates; Officer | |
| 18 Gustavo Canales; and DOES 1 through 10 inclusive, | **REQUEST FOR JURY TRIAL** |
| 19 | |
| 20                    Defendants. | |

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.      This case challenges the abuse of discretion and excessive force that deprived the Plaintiffs, Zealin Bartek, Elisa Magallan, K.I., by and through her Guardian Ad Litem, Katie Day, and Katie Day, of their federal and state rights. Without any legal justification, Defendant Officers Victor Yates and Gustavo Canales of the Visalia Police Department brutally assaulted and battered Plaintiffs during the subject incident.  Then later, without probable cause or reasonable suspicion to believe that Plaintiff Katie Day had committed a crime or was about to commit a crime, Defendant Officers Victor Yates and Gustavo Canales falsely arrested Ms. Day. The officers then made false statements in their reports to conceal the fact they violated Plaintiffs' rights by using excessive force and unlawfully arrested Ms. Day.  Plaintiffs complain of Defendants City of Visalia, Officers Victor Yates and Gustavo Canales and DOES 1 through 10, inclusive, as follows:

**VENUE AND JURISDICTION**

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988.  State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the City of Visalia, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

**PARTIES**

3.      At all relevant times herein, PLAINTIFF Zealin Bartek (hereinafter "Zealin") was and is a resident of the State of California in the County of Tulare.

4.      At all relevant times herein, PLAINTIFF K.I., by and through her Guardian Ad Litem, Katie Day,  (hereinafter "K.I.") was and is a resident of the State of California in the County of Tulare.

5.      At all relevant times herein, PLAINTIFF KATIE DAY (hereinafter "Ms. Day") was and is a resident of the State of California in the County of Tulare.

6.      Defendant CITY OF VISALIA (hereinafter referred to as "CITY") is, and at all times in this complaint was, an incorporated public entity duly authorized and existing as such in

1   and under the laws of the State of California; and at all times herein mentioned, Defendant

2   CITY possessed the power and authority to adopt policies and prescribe rules, regulations

3   and practices affecting the operation of the VISALIA POLICE DEPARTMENT (hereinafter

4   referred to as "VPD") and its tactics, methods, practices, customs and usages.

5   7.     Defendant VPD OFFICER VICTOR YATES (hereinafter "Officer Yates") is, and at

6   all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a

7   police officer, acting within the course and scope of his employment and also within his

8   actual and apparent authority as an officer of a public entity, CITY.

9   8.     Defendant VPD OFFICER GUSTAVO CANALES (hereinafter "Officer Canales") is,

10  and at all times in this complaint was, an individual employed by CITY and/or its

11  subsidiaries as a police officer, acting within the course and scope of his employment and

12  also within his actual and apparent authority as an officer of a public entity, CITY.

13  9.     At all relevant times mentioned herein and material hereto, the Defendant DOE

14  Officers described below engaged in law enforcement as police officers, sergeants, captains,

15  lieutenants, and/or civilian employees, agents and representatives of Defendant CITY, duly

16  employed as police officers by the VPD, who acted in the course and scope of their

17  employment at all times relevant to the acts and omissions herein alleged.

18  10.    PLAINTIFFS are informed and believe and thereon allege that each of the Defendants

19  designated as a DOE are intentionally and negligently responsible in some manner for the

20  events and happenings herein referred to, and thereby proximately caused injuries and

21  damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive,

22  and each of them, are not now known to PLAINTIFFS who, therefore, sues said Defendants

23  by such fictitious names. PLAINTIFFS will seek leave to amend this Complaint to show

24  their true names and capacities when same have been ascertained.

25  11.    Defendants, and each of them, acted under color of law and did the acts and omissions

26  hereinafter alleged in bad faith and with knowledge that their conduct violated established

27  and commonly understood substantive and procedural law.

28  ///

1

**CLAIMS STATUTE REQUIREMENT**

2   12.  Plaintiffs Zealin Bartek, Ms. Day, and K.I. timely filed a Governmental Claim for

3   Damages with the City of Visalia on March 25, 2022 based on the subject incident.  On May

4   11, 2022, the claim was denied by operation of law.

5

**FACTS COMMON TO ALL COUNTS**

6   13.  On September 27, 2021 at approximately 8:30 p.m., Zealin was walking with his

7   girlfriend, K.I. and their friend in an alleyway near the intersection of County Center Drive

8   and Caldwell Avenue.  At this time, Zealin was seventeen years old and K.I. was sixteen years

9   old.

10   14.  Zealin, K.I., and their friend were walking towards Ms. Day, who was parked at the end

11   of the alley waiting to pick them up.

12   15.  Suddenly, Officer Yates of the Visalia Police Department approached Zealin, K.I. and

13   their friend in his patrol car.  Officer Yates exited his vehicle and said to Zealin, "You don't

14   got anything on you, right?"

15   16.  Immediately after, Officer Yates yanked Zealin's arm and slammed him against a fence.

16   17.  Officer Yates grabbed Zealin's neck and began choking Zealin.

17   18.  As Officer Yates continued to choke Zealin, he whipped out his Taser and the Taser

18   struck Zealin in his face.

19   19.  As K.I. stood against the fence away from Officer Yates and Zealin, Officer Yates aimed

20   his Taser at K.I. and threatened to tase her in the face.

21   20.  K.I. took out her phone and began recording, as her friend yelled that she was a witness.

22   21.  In response, Officer Yates pointed his Taser at the three minors and yelled, "Get on the

23   fucking ground!"  Zealin, K.I. and their friend complied.

24   22.  K.I. cried out to Officer Yates to get off Zealin.  Immediately after, Officer Yates aimed

25   his Taser at K.I.'s face and yelled "I'm gonna tase you in the goddamn face!"

26   23.  After witnessing this encounter, Ms. Day exited her car and approached the scene.

27   24.  As K.I. began to tell her mom, Ms. Day, about Officer Yates' threat to tase her in her

28   face, Officer Yates shoved K.I. down towards the concrete ground.

25.     Ms. Day told Officer Yates that K.I. is her daughter and that Zealin, K.I. and their friend are minors.  Ms. Day also told Officer Yates that he was lying about what happened and that she witnessed the whole encounter.

26.     Meanwhile, Officer Yates continuously stepped on Zealin's upper back, applying the force of his bodyweight onto Zealin.

27.     Officer Yates forcefully yanked Zealin's arms behind his back and handcuffed him.

28.     After, Officer Yates stood Zealin up and slammed Zealin into the side of his patrol car, causing Zealin to hit his jaw and chip his tooth.

29.     Officer Canales hastily approached the scene and ordered Ms. Day to back up.  Ms. Day readily complied.

30.     Officer Yates pushed Zealin into backseat of his patrol car.

31.     As the officers handcuffed K.I., Ms. Day begged the officers to stop hurting her daughter while standing off to the side.  Suddenly, Officer Yates yanked Ms. Day's arms behind her back, violently bent her wrists, forcefully threw her onto her knees and held her down.

32.     Officer Yates eventually left Ms. Day on the ground and approached Officer Canales to handcuff K.I. and her friend.

33.     As Ms. Day was walking down the alley towards the home of K.I.'s friend to inform her mother of what was happening, Officer Canales ran towards Ms. Day, grabbed her and handcuffed her wrists behind her back.  Ms. Day was later released at the scene.

34.     After the incident, Defendant Officer Yates deliberately fabricated evidence in his probable cause statement and police report by falsely reporting that Plaintiff Ms. Day refused to acknowledge or comply with his orders and attempted to interfere with his investigation.

35.     As a result of the Defendant Officers' conduct described above, Ms. Day, Zealin and K.I. suffered and continue to suffer severe physical injuries and pain, emotional distress and mental anguish.

///

///

///

**FIRST CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS - EXCESSIVE FORCE**

**(42 U.S.C. § 1983)**

**(Against OFFICER YATES, OFFICER CANALES, and**

**DOES 1 through 10, inclusive)**

36.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

37.     This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiffs seek to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

38.     Plaintiffs' Fourth Amendment constitutional right to be free from excessive force, as applied to state actors by the Fourteenth Amendment, was violated when:

   a.   Officer Yates yanked Zealin's arm and slammed him against a fence;

   b.   Officer Yates grabbed Zealin's neck and began choking Zealin;

   c.   Officer Yates shoved K.I. down towards the ground;

   d.   Officer Yates struck Zealin in his face;

   e.   Officer Yates aimed his Taser at Zealin and K.I.;

   f.   Officer Yates continuously stepped on Zealin's upper back, applying the force of his bodyweight onto Zealin;

   g.   Officer Yates forcefully yanked Zealin's arms behind his back while handcuffing him;

   h.   Officer Yates stood Zealin up and slammed Zealin into the side of his patrol car;

   i.   Officer Yates pushed Zealin into backseat of his patrol car;

   j.   Officer Yates yanked Ms. Day's arms behind her back, violently bent her wrists, forcefully threw her onto her knees and held her down; and

   k.   Officer Canales grabbed Ms. Day and handcuffed her wrists behind her back.

39.     The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages.

40.     As a result of the conduct of Defendant Officers, they are liable for Plaintiffs' injuries, either because they were integral participants in the unlawful use of force, or because they failed to intervene to prevent these violations.

41.     At no point did Plaintiffs pose a reasonable threat of violence or danger to the Defendant Officers or to any other individual. Plaintiffs made no aggressive movements, furtive actions, or physical movements that would have suggested to any reasonable officer that Plaintiffs had the will or ability to inflict substantial bodily harm against any individual when the above-described force was used against them.

42.     Lastly, at no point during the incident did Plaintiffs show any sign of resisting the Defendant Officers when the above-described force was used against them.

43.     As a result of the Defendant Officers' conduct described above, Ms. Day, Zealin and K.I. suffered and continue to suffer severe physical injuries, emotional distress and mental anguish.

44.     Accordingly, Defendant Officers are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seek litigation costs under this claim.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS – UNLAWFUL DETENTION AND FALSE ARREST (42 U.S.C. § 1983)**

**(Plaintiff KATIE DAY Against OFFICER YATES, OFFICER CANALES and DOES 1 through 10, inclusive)**

45.     Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

46.     This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

47.     Plaintiff's Fourth Amendment constitutional right to be free from unlawful detention and false arrest, as applied to state actors by the Fourteenth Amendment, was violated when:

a.     Officer Yates yanked Ms. Day's arms behind her back, violently bent her wrists,

forcefully threw her onto her knees and held her down, without a warrant, reasonable suspicion or probable cause to believe Ms. Day committed, was committing or would commit a crime.

b. Officer Canales grabbed Ms. Day and handcuffed her wrists behind her back, without a warrant, reasonable suspicion or probable cause to believe Ms. Day committed, was committing or would commit a crime.

48.     The conduct of the Defendant Officers was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

49.     As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful detention and false arrest, or because they failed to intervene to prevent these violations.

50.     Plaintiff Ms. Day was detained and arrested without a warrant, probable cause, or reasonable suspicion to believe that she had committed, was committing or would commit any crime.

51.     As a result of the Defendant Officers' conduct described above, Ms. Day suffered and continues to suffer severe physical injuries, emotional distress and mental anguish.

52.     Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks litigation costs under this claim.

**THIRD CAUSE OF ACTION**

**FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)**

**(Plaintiffs K.I. and KATIE DAY Against Defendants OFFICER YATES, OFFICER CANALES and DOES 1-10, inclusive)**

53.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

54.     Defendants Officer Yates, Officer Canales and DOES 1-10, inclusive, deprived Ms. Day of her rights, privileges, and immunities under the First Amendment of the United States

Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by using excessive force against Ms. Day and unlawfully arresting her to retaliate against her for exercising her First Amendment right to freedom of speech.

55.     Ms. Day engaged in constitutionally protected speech when she told Defendant Officer Yates that he was lying about what happened during his initial encounter with the minors and protested Officer Yates and Canales' use of force against the minors.

56.     Defendants Officer Yates and DOES 1-10, inclusive, deprived K.I. of her rights, privileges, and immunities under the First Amendment of the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by aiming his Taser at her while threatening to tase her in her face and shoving her in retaliation for K.I. exercising her First Amendment right to freedom of speech and record police activity in public.

57.     K.I. engaged in constitutionally protected speech when she video recorded and protested Defendant Officer Yates' use of force against Zealin.

58.     Ms. Day and K.I.'s protected speech and conduct was a substantial or motivating factor in Defendants' decision to retaliate. This was demonstrated by, among other things, the fact that Defendants' aforesaid conduct occurred immediately following or soon after protected activities.

59.     As a direct and proximate result of the aforementioned unlawful acts of Defendant Officers, Ms. Day and K.I. sustained and incurred damages for physical injury and pain, emotional injury and pain, mental anguish and suffering.

60.     As a result of the conduct of Defendant Officers, they are liable for Plaintiffs' injuries, either because they were integral participants in the First Amendment violations or because they failed to intervene to prevent these violations.

61.     Accordingly, Defendant Officers are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seek litigation costs under this claim.

///

**FOURTH CAUSE OF ACTION**

**UNLAWFUL SEARCH (42 U.S.C. § 1983)**

**(Plaintiff KATIE DAY Against Defendants OFFICER YATES, OFFICER CANALES and DOES 1-10, inclusive)**

62.     Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

63.     This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

64.     Plaintiff's Fourth Amendment constitutional right to be free from unreasonable searches, as applied to state actors by the Fourteenth Amendment, was violated when Defendant Officers searched Ms. Day without a warrant, probable cause, reasonable suspicion or consent to do so.

65.     As a result of the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful search described herein, or because they failed to intervene to prevent these violations.

66.     Defendant Officers acted entirely without probable cause or reasonable suspicion to believe that Plaintiff had committed, was committing or would commit any crime. Defendant Officers also acted entirely without probable cause or reasonable suspicion to believe that Plaintiff was armed or dangerous.

67.     The conduct of Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to the individual Defendants.

68.     As a direct and proximate result of the aforementioned unlawful acts of Defendant Officers, Plaintiff Ms. Day sustained and incurred damages for emotional injury and pain, as well as mental anguish and suffering.

69.     Accordingly, Defendant Officers are each liable to Plaintiff for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks litigation costs under this

1   claim.

2                           **FIFTH CAUSE OF ACTION**

3                        **VIOLATION OF DUE PROCESS –**

4        **DELIBERATE FABRICATION OF EVIDENCE (42 U.S.C. § 1983)**

5           **(Plaintiff KATIE DAY Against Defendants OFFICER YATES**

6                          **and DOES 1-10, inclusive)**

7   70.     Plaintiff incorporates by reference each and every allegation and fact contained in the

8   preceding paragraphs of this complaint as though fully set forth herein.

9   71.     This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiff

10  seeks to redress deprivation under color of law a privilege or immunity secured under the

11  Fourteenth Amendment.

12  72.     Plaintiff's Fourteenth Amendment constitutional right to due process, as applied to

13  state actors by the Fourteenth Amendment, was violated when Defendant Officer Yates

14  deliberately fabricated evidence in his probable cause statement and police report by falsely

15  reporting that Plaintiff Ms. Day refused to acknowledge or comply with his orders and

16  attempted to interfere with his investigation.  On information and belief, Defendant Officer

17  Yates' probable cause statement and police report were used to criminally charge Plaintiff

18  Ms. Day.

19  73.     The conduct of Defendant Officer Yates was willful, wanton, malicious, and done

20  with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the

21  imposition of exemplary and punitive damages as to the individual Defendants.

22  74.     As a direct and proximate result of the aforementioned unlawful acts of Defendant

23  Officer Yates, Plaintiff Ms. Day sustained and incurred damages for emotional injury and

24  pain, as well as mental anguish and suffering.

25  75.     Accordingly, Defendant Officer Yates is liable to Plaintiff for compensatory and

26  punitive damages, under 42 U.S.C. § 1983. Plaintiff also seeks litigation costs under this

27  claim.

28  ///

**SIXTH CAUSE OF ACTION**

**MUNICIPAL LIABILITY FOR UNLAWFUL CUSTOM AND PRACTICE**

**(42 U.S.C. § 1983)**

**(Against Defendant CITY)**

76.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

77.     Defendant CITY is and at all times herein mentioned, has been a public entity duly authorized and existing as such in and under the laws of the State of California. At all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the VPD officers and their tactics, methods, practices, customs and usages.

78.     At all times herein mentioned, Defendant Officers and each of them, were employees acting under the direction and control of the CITY, who knowingly and intentionally promulgated, maintained, applied, and enforced the continuation of policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution. Such customs, policies, practices and usages at all times herein mentioned, required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, and numerous other serious abuses of their powers as peace deputies employed by the CITY.

79.     The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant CITY as of September 27, 2021 include, but are not limited to:

        a.      Defendant CITY had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful assault and battery, dishonesty and improper tactics, retaliation, corruption and uses of excessive force by VPD employees, including the individual Defendant Officers herein, and refused, with deliberate indifference, to enforce established administrative procedures to ensure public safety, protection of civilians' rights, including the Plaintiffs;

        b.      Defendant CITY refused to adequately discipline individual employees found to

have committed similar acts of dishonesty and misconduct;

c.      Defendant CITY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by VPD employees;

d.      Defendant CITY failed to adequately train so as to avoid constitutional violations like those alleged in this Complaint;

e.      Defendant CITY condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating CITY employees from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

f.      Defendant CITY tacitly condoned and encouraged its officers to use excessive force against civilians;

g.      Defendant CITY tacitly condoned and encouraged officers to retaliate against civilians for exercising their First Amendment rights to free speech and record police activity;

h.      Defendant CITY routinely failed to discipline officers for engaging in excessive force;

i.      Defendant CITY routinely failed to discipline officers for engaging in unlawful First Amendment retaliation;

j.      Defendant CITY routinely failed to discipline officers for making false arrests;

k.      Defendant CITY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by September 27, 2021, and thereafter, represented the unconstitutional policies, practices and customs of the CITY.

80.      The decisions of Defendant Officers to brutally assault and batter Plaintiffs and unlawfully arrest Plaintiff Ms. Day represents a larger systemic issue of predatory policing and a culture among VPD that encourages violence.

81.      Officers employed by Defendant CITY and VPD were, and are, regularly engaging in excessive force and unlawful First Amendment retaliation and conducting false arrests with impunity as indicated above.  In particular, VPD Officers used excessive force on persons who were unarmed and/or did not represent a threat to life or of serious bodily injury, arrested

civilians without probable cause and retaliating against civilians for exercising their First Amendment rights.  VPD has routinely failed to discipline officers who engaged in excessive force and First Amendment retaliation, and conducted false arrests.  At the time of the subject incident, Defendant Officers Yates and Canales were aware of VPD's routine failure to discipline officers who engaged in excessive force and First Amendment retaliation and conducted false arrests.

82.     Thus, Defendant CITY and VPD's custom of failing to discipline officers who engaged in excessive force, unlawful retaliation and false arrests was a moving force behind Defendant Officers' use of excessive force against Plaintiffs, unlawful retaliation against Plaintiffs K.I. and Ms. Day and false arrest of Plaintiff Ms. Day, because Defendant Officers knew they could engage in such unlawful conduct with impunity.

83.     On information and belief, the extreme escalation of a verbal command into a violent arrest of Plaintiff Zealin was ratified by Defendant CITY and VPD by failing to discipline any officer involved or modify training to address this type of situation in the future.

84.     On information and belief, not one of the Defendant Officers involved in the aforementioned incident have been reprimanded or sanctioned by Defendant CITY or VPD for their actions against Plaintiffs.

85.     The following are a list of incidents exemplifying the aforementioned policies, customs, practices and usages of Defendant CITY:

        a. In March 2021, Mr. Raymundo Rubio Jr. filed a civil rights lawsuit against the City of Visalia and its officers alleging claims for false arrest, excessive force, assault and battery, negligence, violation of the Bane act and intentional infliction of emotional distress as a result of a January 2020 incident during which officer attacked him by hitting him in the head, punching him, twisting his wrists, applying excessive force to his neck, handcuffing and slamming him to the ground without any justification. Mr. Rubio alleged the City failed to discipline the involved officers for their misconduct.

b. In November 2021, Mr. Jordan Gutierrez filed a civil rights lawsuit against the City of Visalia and its officers alleging claims for false arrest, excessive force, assault and battery, negligence, violation of the Bane act and intentional infliction of emotional distress as a result of an October 2020 incident during which officers attacked Mr. Gutierrez by shoving him, grabbing him, twisting his wrists, handcuffing and slamming him to the car without any justification.  Mr. Gutierrez alleged the City failed to discipline the involved officers for their misconduct.

c. In October 2012, Mr. Jonathan Alcay filed a civil rights lawsuit against the City of Visalia and its officers alleging claims for false arrest, excessive force, assault and battery, negligence, intentional infliction of emotional distress and violation of the Bane act as a result of VPD officers pushing and pulling him to the ground, striking him in his head and arresting him without any justification in August 2011. Mr. Alcay alleged the involved officers were not disciplined for their misconduct.

d. In June 2009, Mr. Jesse Lucas filed a civil rights lawsuit against the City of Visalia and its officers alleging claims for false arrest, excessive force, assault and battery, negligence, intentional infliction of emotional distress and violation of the Bane act, as a result of a May 2008 incident during which a VPD officer shot Mr. Lucas with a Taser and forcibly and unlawfully arrested him without any justification.  Mr. Lucas alleged the City failed to discipline the involved officers for their misconduct.

86.    Defendant CITY has acted with deliberate indifference to Plaintiffs' constitutional rights by maintaining the above-described unlawful policies, customs, practices and usages.

87.    The aforesaid policies, customs, practices and usages described in this complaint were the moving force that caused Plaintiffs to be subjected by unconstitutional policing by

Defendant Officers on September 27, 2021.

88.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE (Cal. Govt. Code §§ 815.2(a), 820(a))

### (Against All Defendants)

89.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

90.     Plaintiffs are informed and believe and there upon allege that Defendant Officers, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently detaining and arresting Plaintiff Ms. Day without probable cause or reasonable suspicion to believe that she had or was committing a crime, negligently using excessive and unreasonable physical force upon Plaintiffs Ms. Day, K.I. and Zealin as described in the Complaint, negligently threatening to tase Plaintiffs K.I. and Zealin, negligently threatening to tase Plaintiff K.I. in her face, negligently failing to determine that Plaintiffs Ms. Day, K.I. and Zealin posed no threat of physical harm to any person when they were assaulted and battered as described in the Complaint, negligently fabricating evidence as described in the Complaint, negligently failing to intercede when fellow Defendant Officers violated Plaintiffs' constitutional rights. All of these negligent acts directly and proximately caused severe injuries to Plaintiffs as described herein.

91.     As a result of these acts and omissions, Plaintiffs were placed in great fear for their lives and physical well-being. Moreover, due to the negligent acts of each of these Defendant Officers, Plaintiffs have suffered and will continue to suffer serious pain and severe mental anguish.

92.     Defendant CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers pursuant to sections 815.2(a) and 820(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93.     The aforementioned acts and omissions alleged herein were intended by each Defendant Officer to cause injury to Plaintiffs, and were done with a conscious disregard for the rights and safety of Plaintiffs, as the acts and omissions were willful, wanton, malicious and oppressive.

94.     Plaintiffs seek statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.   Plaintiffs do not seek punitive damages against the CITY.

**EIGHTH CAUSE OF ACTION**

**ASSAULT AND BATTERY (Cal. Govt. Code §§ 815.2(a), 820(a))**

**(Against All Defendants)**

95.     Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

96.     On September 27, 2021, Defendant Officers, acting individually and in concert with other law enforcement agents, assaulted and battered Plaintiffs when:

    a.   Officer Yates yanked Zealin's arm and slammed him against a fence;

    b.   Officer Yates grabbed Zealin's neck and began choking Zealin;

    c.   Officer Yates shoved K.I. down towards the ground;

    d.   Officer Yates struck Zealin in his face;

    e.   Officer Yates aimed his Taser at Zealin and K.I. and threatened to Tase them;

    f.   Officer Yates aimed his Taser at K.I. and threatened to Tase her in the face;

    g.   Officer Yates continuously stepped on Zealin's upper back, applying the force of his bodyweight onto Zealin;

    h.   Officer Yates forcefully yanked Zealin's arms behind his back while handcuffing him;

    i.   Officer Yates stood Zealin up and slammed Zealin into the side of his patrol car;

    j.   Officer Yates pushed Zealin into backseat of his patrol car;

    k.   Officer Yates yanked Ms. Day's arms behind her back, violently bent her wrists, forcefully threw her onto her knees and held her down; and

    l.   Officer Canales grabbed Ms. Day and handcuffed her wrists behind her back.

97.     In assaulting and battering Plaintiffs as described herein, Defendant Officers

proximately caused severe and potentially permanent injuries to Plaintiffs.

98.　　When Defendant Officers assaulted and battered Plaintiffs, Plaintiffs were not armed with any kind of weapon and posed no reasonable threat of violence to the Defendant Officers, nor to any other individual. When they were attacked, as described herein, Plaintiffs made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that they had the will or ability to inflict substantial bodily harm against any individual.

99.　　As a result of the above alleged conduct, Plaintiffs suffered serious bodily harm and physical pain.  Moreover, as a result of these acts, Plaintiffs were placed in great fear for their lives and physical well-being. Moreover, due to the wrongful, intentional, and malicious acts of the Defendant Officers, Plaintiffs have suffered and will continue to suffer extreme pain and severe mental anguish.

100.　　Defendant CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers pursuant to sections 815.2(a) and 820(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

101.　　The aforementioned acts and omissions alleged herein were intended by each Defendant Officer to cause injury to Plaintiffs, and were done with a conscious disregard for the rights and safety of Plaintiffs, as the acts and omissions were willful, wanton, malicious and oppressive.

102.　　Plaintiffs seek statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.  Plaintiffs do not seek punitive damages against the CITY.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE BANE ACT (Cal. Civil Code §§ 52 and 52.1 and Cal. Govt. Code §§ 815.2(a), 820(a))

## (Plaintiffs ZEALIN BARTEK and K.I. Against Defendants CITY and OFFICER YATES)

103.　　Plaintiffs incorporate by reference each and every allegation and fact contained in the

preceding paragraphs of this complaint as though fully set forth herein.

104.    As alleged herein, Defendant Officer Yates interfered with Plaintiff K.I.'s rights under state and federal laws and under the state and federal constitution including, without limitation, the right to be free from excessive force, the right to free speech, the right to record police activity in public, the right to due process, and the right to bodily integrity, including her rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution, by threatening to tase her in her face while aiming his Taser at her.

105.    As alleged herein, Defendant Officer Yates interfered with Plaintiff Zealin's rights under state and federal laws and under the state and federal constitution including, without limitation, the right to be free from excessive force and the right to bodily integrity, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution, by threatening to tase him while aiming his Taser at Zealin.

106.    As a direct and proximate result of the aforementioned wrongful acts of Defendant Officer Yates, individually and as a peace officer, Plaintiffs K.I. and Zealin sustained and incurred damages for physical injuries and pain, emotional distress, and mental anguish.

107.    Defendant CITY is vicariously liable for the wrongful acts of Defendants, individually and as peace officers pursuant to sections 815.2(a) and 820(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

108.    The conduct of Defendant Officer Yates, individually and as a peace officer, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Zealin and K.I., entitling them to an award of exemplary and punitive damages.

109.    Plaintiffs seek statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.   Plaintiffs do not seek punitive damages against the CITY.

///

**TENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Cal. Govt. Code §§ 815.2(a), 820(a))**

**(Against All Defendants)**

110.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

111.    Defendant Officers Yates, individually and in his official capacity as an officer for VPD, caused Plaintiffs severe emotional distress by actions and inactions which include, but are not limited to:  (1) detaining/arresting Ms. Day without reasonable suspicion or probable cause to believe that Ms. Day had or was going to commit a crime; (2) using excessive and unreasonable physical force upon Ms. Day, K.I. and Zealin, when the same was unnecessary and unjustified; (3) searching Ms. Day without probable cause or any reason to believe she was armed or dangerous; (4) threatening to tase K.I. in her face without any legal justification; (5) threatening to tase K.I. in her face without any legal justification; and (6) deliberately fabricating probable cause to arrest and charge Ms. Day.

112.    Defendant Officers Canales, individually and in his official capacity as an officer for VPD, caused Plaintiff Ms. Day severe emotional distress by actions and inactions which include, but are not limited to:  (1) detaining/arresting Ms. Day without reasonable suspicion or probable cause to believe that Ms. Day had or was going to commit a crime; (2) using excessive and unreasonable physical force upon Ms. Day, when the same was unnecessary and unjustified; and (3) searching Ms. Day without probable cause or any reason to believe she was armed or dangerous.

113.    As a direct and proximate cause of Defendants' actions and inactions, individually and as a peace officers, Plaintiffs suffered serious physical pain and injuries for which they are entitled to recover damages. Moreover, due to the foregoing acts of each of these Defendants, Plaintiffs have suffered and will continue to suffer severe mental anguish and emotional

distress.

114.    As a result of their conduct, Defendant Officers are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

115.    Defendant CITY is liable under Cal. Govt. Code §§ 815.2(a) and 820(a) for Plaintiffs' injuries proximately caused by the intentional infliction of emotional distress committed by its employees, described above.

116.    In doing the aforementioned acts, Defendant Officers' conduct was intentional, outrageous, malicious, and done for the specific purpose of causing Plaintiffs to suffer extreme emotional and physical distress, fear, anxiety, and mental anguish, entitling Plaintiffs to an award of exemplary and punitive damages as to the individual Defendants.

117.    Plaintiffs seek statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.   Plaintiffs do not seek punitive damages against the CITY.

1

**PRAYER**

2  WHEREFORE, PLAINTIFFS request entry of judgment in his favor and against Defendants

3  as follows:

4      1.    For compensatory (or general) damages, including pain and suffering, in an

5            amount exceeding the minimum jurisdictional requirement of this Court according

6            to proof;

7      2.    For special damages according to proof;

8      3.    For punitive damages as provided by federal and state law, in an amount to be

9            proved against each individual Defendant;

10      4.    For prejudgment interest;

11      5.    For attorney's fees pursuant to 42 U.S.C. § 1983 & California Civil Code § 52.1

12            (h);

13      6.    For reasonable costs of this suit incurred herein;

14      7.    For such other and further relief as the Court may deem just, proper and

15            appropriate.

16  Dated: November 7, 2022          **PLC LAW GROUP, APC**

17

18                      */s/Lauren K. McRae*

19                      Peter L. Carr, IV

20                      Na'Shaun L. Neal
                     Lauren K. McRae

21                      Attorneys for Plaintiff

22                  **<u>REQUEST FOR JURY TRIAL</u>**

        PLAINTIFFS hereby respectfully demand a trial by jury on all issues and claims.

23

24  Dated: November 7, 2022          **PLC LAW GROUP, APC**

25                      */s/Lauren K. McRae*

26                      Peter L. Carr, IV

27                      Na'Shaun L. Neal
                     Lauren K. McRae

28                      Attorneys for Plaintiffs