# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEALIN BARTEK, et al., | Case No. 1:22-cv-01436-JLT-SAB |
| Plaintiffs, | ORDER ADVANCING HEARING ON MANDATORY SCHEDULING CONFERENCE |
| v. | |
| CITY OF VISALIA, et al., | |
| Defendants. | |

Plaintiffs filed this action on November 7, 2022. (ECF No. 1.) On January 24, 2023, the Court issued an order requiring Plaintiffs to file a notice of the status of service and regarding readiness for the scheduling conference. (ECF No. 7.) On January 25, 2023, rather than filing a notice on the status of service or addressing readiness for the scheduling conference, Plaintiffs returned executed summonses demonstrating Defendants were served on January 11, 2023. (ECF Nos. 8, 9, 10.) Despite no formal status report being filed, in the interest of expediency, the Court continued the scheduling conference to April 11, 2023. (ECF No. 11.) At that time, the Court also noted that the complaint proffers Plaintiff Katie Day is the guardian ad litem for Plaintiff K.I., but no other information has been filed with the Court pertaining to any such appointment. Accordingly, the Court ordered Plaintiffs to file evidence that Katie Day has been appointed under state law, or a motion for appointment of a guardian ad litem for K.I. that comports with the requirements of Local Rule 202. (Id.)

1         On February 9, 2023, rather than submitting evidence of appointment or a motion to appoint Ms. Day as guardian ad litem for K.I., Plaintiffs' counsel filed a declaration indicating that K.I. was a minor at the time of the filing of this lawsuit on November 11, 2022, but that as of January 12, 2023, K.I. is no longer a minor. (ECF No. 13.) This declaration does not, however, address the question of whether K.I. was properly represented by Ms. Day at the time of initiation of this lawsuit, or indicate that K.I. required representation of a guardian ad litem solely due to her status as a minor and not any other reason (*e.g.*, incompetency) such that she no longer requires representation by a guardian ad litem now that she has reached majority. Nor does the declaration provide the full name of K.I. so as to update the case docket and records, or otherwise indicate that a motion to proceed by pseudonym is forthcoming. Therefore, the declaration is insufficient to address the Court's concerns with respect to Plaintiffs' compliance with the Local Rules or to note whether K.I. wishes to proceed as an independent plaintiff in this action.

        Nonetheless, the Court additionally notes that Defendants answered the complaint on February 1, 2023, and deems this matter ready to proceed to scheduling conference. Therefore, the Court shall advance the hearing date of the mandatory scheduling conference. Plaintiffs are advised they will be required at the scheduling conference to discuss the purported guardian ad litem appointment of Ms. Day, as well as the current status of K.I.'s representation and appearance in this matter.

        Accordingly, IT IS HEREBY ORDERED that:

   1.   The scheduling conference currently set for April 11, 2023, is ADVANCED to **February 23, 2023, at 11:00 a.m.**, in **Courtroom 9**; and

///
///
///
///
///
///

2

2. The parties shall file a joint scheduling report **at least seven (7) days prior** to the scheduling conference.

IT IS SO ORDERED.

Dated:   **February 10, 2023**

_____
UNITED STATES MAGISTRATE JUDGE