# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEALIN BARTEK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF VISALIA, et al.,<br><br>    Defendants. | Case No. 1:22-cv-01436-JLT-SAB<br><br>ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE; FOR AN ORDER COMPELLING ATTENDANCE AT DEPOSITION, AND FOR MONETARY SANCTION [FRCP RULE 37] AGAINST MARISSA URENA WITHOUT PREJUDICE<br><br>(ECF Nos. 22, 23) |

On April 2, 2024, Defendants filed an *ex parte* application requesting that the Court issue an order to show cause directed to witness Marissa Urena why she should not be found in contempt of court for her disobedience and failure to comply with a subpoena dated February 26, 2024. (ECF No. 22.) Defendants request that the Court order Ms. Urena to attend a deposition and testify on April 15, 2024 at 10:00 a.m. in Visalia, California. (Id.) Defendants also request that the Court order Ms. Urena to show cause why she should not pay the sum of $2,883.75 as the reasonable costs and attorney's fees incurred by Defendants. (Id.)

On April 2, 2024, Plaintiffs filed an opposition to Defendants' *ex parte* application. (ECF No. 23.) Plaintiffs oppose Defendants' request, in part, because no exigency exists, and the instant motion could have been requested on the Court's regular calendar. (Id. at 23.) The Court agrees and shall deny Defendants' request as procedurally deficient without addressing the

substance of the *ex parte* application.

This Court's Standing Order issued to the parties on November 8, 2022, requires that the party filing the *ex parte* application "include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230." (ECF No. 4-1 at 3.)  Neither the application nor the Declaration of Caren L. Curtiss attached to Defendants' *ex parte* application sufficiently addresses any of these issues.[1]  Plaintiffs proffer in their opposition that Defendants failed to meet and confer to resolve the need for this Court to issue an order in *ex parte* fashion, including a failure to seek a modification of the scheduling order to allow for additional time to take Ms. Urena's deposition.  (ECF No. 23 at 2.)

The Court acknowledges Defendants' concerns regarding the approaching non-expert discovery deadline on April 19, 2024 and notes a properly filed application to shorten time accompanying a properly filed motion would be entertained by the Court, if necessary.

Accordingly, IT IS HEREBY ORDERED that Defendants' *ex parte* application for order to show cause why a contempt citation should not issue; for an order compelling attendance at deposition; and for monetary sanctions pursuant to Federal Rule of Civil Procedure 37 against Marissa Urena (ECF No. 22) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 3, 2024**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes Defendants describe their meet and confer efforts with Ms. Urena; however, she is neither "other counsel" nor a "part[y] in the action."  (ECF No. 4-1 at 3.)